IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION <br> 10 S. Howard Street, 3rd Floor <br> Baltimore, MD 21201 <br><br> Plaintiff, <br><br> v. <br><br> RITE AID CORPORATION <br> 601 Chelsea Road <br> Perryman, Maryland  21130 <br><br> Defendant. | CIVIL ACTION NO. <br><br> C O M P L A I N T <br><br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990 ("ADA"), to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Christopher Fultz ("Mr. Fultz"), who adversely was affected by such practices. The United States Equal Employment Opportunity Commission ("Plaintiff" or "the Commission") alleges that Rite Aid Corporation ("Defendant") violated the ADA by terminating Mr. Fultz because he engaged in protected activities.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 503(c) and 107(a) of the ADA, 42 U.S.C. § 12203(c) and 42 U.S.C. § 12117(a), which incorporate by reference Sections

706(f)(1) and (3) of Title VII , 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3.      Plaintiff, an agency of the United States of America, is charged with the administration, interpretation, and enforcement of Title I of the ADA and Section 503 of Title V of the ADA, and is expressly authorized to bring this action by Sections 503(c) and 107(a) of the ADA, 42 U.S.C. § 12203(c) and § 12117(a), which incorporate by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4.      At all relevant times, Defendant has continuously been a Delaware corporation doing business in Perryman, Maryland, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.      All conditions precedent to the institution of this lawsuit have been fulfilled. More than thirty days prior to the institution of this lawsuit, Mr. Fultz filed a Charge of Discrimination with the Commission, Charge No. 531-2008-00801, alleging violations of the ADA by Defendant. After the parties participated in the Commission's investigation, the Commission issued a Letter of Determination notifiying them that there was reasonable cause to believe that Defendant had violated the ADA through its retaliatory discharge of Mr. Fultz. The EEOC then endeavored to eliminate the unlawful employment practice through informal methods of conciliation, conference, and persuasion. After these efforts were unsuccessful, the EEOC so notified the parties and proceeded with the commencement of this lawsuit.

8.      Since at least July, 2006, Defendant has engaged in unlawful employment practices in the State of Maryland in violation Section 503 of Title V of the ADA, 42 U.S.C.§12203. Defendant's retaliatory actions include terminating Mr. Fultz because he had engaged in protected activities, including filing and maintaining a Charge of Discrimination against Defendant, Charge No. 531-2006-02490; participating in the investigation of that Charge, which resulted in a probable-cause finding; and complaining to Defendant's management officials about discriminatory employment practices.

9.      The effect of the practices complained of in paragraph 8 above, has been to deprive Mr. Fultz of equal employment opportunities and otherwise adversely affect his status as an employee because he has engaged in protected activities under the ADA.

10.     The unlawful employment practices complained of herein were intentional.

11.     The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Mr. Fultz.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A.	Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against employees based on their disability.

B.	Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in reprisal or retaliation against any person because such person engaged in protected activity under the ADA.

C.	Order Defendant to make whole Mr. Fultz by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to immediate reinstatement.

D.	Order Defendant to make whole Mr. Fultz by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein above, in amounts to be determined at trial.

E.	Order Defendant to make whole Mr. Fultz by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional and mental anguish, pain and suffering.

F.	Order Defendant to pay Mr. Fultz punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

G.	Grant such further legal or equitable relief as the Court deems necessary and proper to the public interest.

H.	Award the Commission its costs of this action.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel


_____/s/_____
JACQUELINE H. McNAIR
Regional Attorney

_____/s/_____
DEBRA M. LAWRENCE
Bar No. 04312
Supervisory Trial Attorney


_____/s/_____
MARIA LUISA MOROCCO
Bar No. 24357
Senior Trial Attorney


EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
S. Howard Street, 3rd Floor
Baltimore, MD 21201
(410) 209-2730
(410) 962-4270 (fax)