**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DISTRICT**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) )  ) Civil Action No.  1:08-civ-2576 (CCB) |
| Plaintiff, | ) |
| and | ) ) |
| CHRISTOPHER FULTZ | ) ) |
| Intervenor-Plaintiff, | ) ) |
| v. | ) ) |
| RITE AID CORPORATION | ) ) |
| Defendant. | ) ) |

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE ADVICE OF COUNSEL TESTIMONY IN SUPPORT OF DEFENDANT'S GOOD FAITH DEFENSE OR ALTERNATIVELY FOR A DETERMINATION THAT DEFENDANT HAS WAIVED THE ATTORNEY-CLIENT PRIVILEGE**

COMES NOW Plaintiffs Christopher Fultz and the Equal Employment Opportunity Commission, by and through their attorneys, and hereby request that the Court enter an order excluding all evidence relating to Rite Aid's purported reliance upon the advice of counsel at trial or in the alternative for a determination that Defendant has waived the attorney-client privilege.  In support of this Motion, Plaintiffs state as follows:

1.      Rite Aid has designated for trial deposition testimony from its Senior HR Director at the Distribution Center and Corporate HR Director that it relied upon the advice of counsel with regard to the challenged employment actions taken with respect to Mr. Fultz.  At the same time, Defendant has asserted the attorney-client privilege over these communications.

2.      Either all evidence related to Rite Aid's receipt of legal advice must be excluded or

Rite Aid must waive the attorney-client privilege and produce the documents and witnesses for

depositions as to the advice of counsel defense.

3.      This Motion is supported by good and substantial authority contained in the attached

Memorandum of Points and Authorities.

WHEREFORE Christopher Fultz and the EEOC, by and through their attorneys, respectfully

request this Honorable Court grant their Motion to exclude all evidence and testimony relating to

Rite Aid's reliance on the advice of counsel and for such other relief as law and justice require.

Respectfully submitted,

/s/
Bruce A. Fredrickson #02839
Jeremy P. Monteiro # 17459
Webster, Fredrickson, Correia & Puth, PLLC
1775 K Street, N.W., Suite 600
Washington, D.C. 20006
(202) 659-8510
(202) 659-4082 (fax)

Counsel for Christopher Fultz

/s/
Maria Luisa Morocco
U.S. Equal Employment Opportunity Commission
City Crescent Bldg
10 S. Howard St. Third Fl
Baltimore, MD 21201
(410) 209-2730
(410) 962-4270 (fax)

Counsel for the EEOC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DISTRICT**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) |
| | ) Civil Action No.  1:08-civ-2576 (CCB) |
| Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| CHRISTOPHER FULTZ | ) |
| | ) |
| Intervenor-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RITE AID CORPORATION | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE ADVICE OF COUNSEL TESTIMONY IN SUPPORT OF DEFENDANT'S GOOD FAITH DEFENSE OR ALTERNATIVELY FOR A DETERMINATION THAT DEFENDANT HAS WAIVED THE ATTORNEY-CLIENT PRIVILEGE**

Based upon Rite Aid's designations of deposition testimony of its Senior HR Manager and Corporate HR Manager, as well as the deposition testimony of several witnesses, Rite Aid apparently intends to offer an advice of counsel defense at trial.  In its Answer to Plaintiff Fultz' Complaint in Intervention, Rite Aid pled the following affirmative defense, "Mr. Fultz's claims are barred, both generally and in its claim for punitive damages, in that Rite Aid had an established anti-discrimination policy, which was implemented in good faith."  Rite Aid's Answer to Complaint in Intervention, Affirmative Defense No. 6.

Good faith reliance upon the advice of counsel is not a defense to ADA liability.  *Bragdon v. Abbott*, 524 U.S. 652 (1998); *Smith v. Chrysler Corp.*, 155 F.3d 799, 806 (6th Cir. 1998); *EEOC*

*v. Browning Ferris, Inc.*, 262 F. Supp.2d 577, 587 (D. Md. 2002). To the extent that Defendant

seeks to use advice of counsel to defend against Plaintiffs' claim for punitive damages, *see Lowery*

*v. Circuit City Stores, Inc.*, 206 F.3d 431, 443-45 (4th Cir. 2000) (employer engaged in good faith

efforts to comply with the law), Rite Aid cannot assert it relied upon the advice of counsel, while at

the same time shielding itself from discovery of this advice.

The Fourth Circuit has recognized that a defendant can waive the attorney-client privilege

where it places advice of counsel at issue. *Parker v. Prudential Ins. Co.*, 900 F.2d 772, 776 n.3 (4th

Cir. 1990) (recognizing, in accord and satisfaction case, had plaintiff testified "she reasonably relied

upon the advice of her attorney that accepting the check would not waive future claims, then she may

have waived the attorney-client privilege."); *see also Rhone-Poulenc Rorer v. Home Indem. Co.*, 32

F.3d 851, 863 (3d Cir. 1994) (advice of counsel defense to willful infringement claim results in

waiver of attorney-client privilege). "Where a client asserts reliance on an attorney's advice as an

element of a claim or defense, the privilege has been deemed waived." Ex. 1, *Baltimore Scrap Corp.*

*v. The David J. Joseph Co.*, et al., 96-827, 1996 U.S. Dist. LEXIS 18617 *76-77 (D. Md. Sept. 17,

1996) (citing *Hearn v. Rhay*, 68 F.R.D. 574 (E.D. Wash. 1975) (implied waiver where advice of

counsel asserted as part of good faith affirmative defense in civil rights action.).

Several district courts within this Circuit have found a waiver under similar circumstances.

*See City of Myrtle Beach v. United Nat'l Ins. Co.*, 4:08-1183-TLW-SVH, 2010 WL 3420044, *6-*8

(D.S.C. Aug. 27, 2010) (good faith affirmative defense results in implied waiver of attorney-client

communications); *Federal Deposit Ins. Corp. v. U.S.*, 527 F. Supp. 942, 950-951 (S.D. W. Va. 1981)

(where a party claims that it acted on the basis of legal advice and therefore the acts complained of

2

cannot be considered as arbitrary or capricious, the opposing party is entitled to look beyond the attorney-client privilege to discover if the legal advice was given and followed).

As the Court is aware, Defendant has only recently identified additional documents relating to these communications and asserted the attorney-client privilege over these communications. Ex. 2, Rite Aid Privilege Log, October 11, 2011. Defendant's earlier privilege log also identified documents relating to such communications and similarly asserted the attorney-client privilege over these communications as well. Ex. 3, Rite Aid Privilege Log, March 3, 2010.

The following examples of Rite Aid's designated deposition testimony, along with withheld documents reflecting such communications on the basis of attorney-client privilege, confirm Defendant's attempt to put forth an advice of counsel defense while withholding the underlying communications regarding this defense:

- Dan McDaniel (Senior HR Manager) testified that Corporate Legal reviewed and approved a letter sent to Mr. Fultz in November 2007 which threatened his termination if he failed to go to a fitness for duty examination. Ex. 4, Dep. D. McDaniel at 201:6-9. Defendant has designated this testimony. The privilege log confirms that counsel advised Jennifer Lazor regarding the letter sent to Mr. Fultz in November 2007. Ex. 3 (11/27/07 entry).

- McDaniel testified that he participated in meetings with Corporate Legal in January 2008 regarding whether Rite Aid would place Mr. Fultz on unpaid medical leave based on Dr. Rowekamp's fitness for duty evaluation. Ex. 4 at 222:4-6. Defendant has designated this testimony. The 1/12/08 privilege log entry reflects an e-mail communication from McDaniel regarding the need for legal advice and the mental impressions of counsel about the fitness for duty exam. Ex. 2 (1/12/08 entry).

- McDaniel also testified that he participated in meetings in October 2008 with legal counsel regarding whether Rite Aid would permit Mr. Fultz to return to work. Dep. D. McDaniel at 278:12-14. Defendant has designated this testimony. The 10/2/08 privilege log entries reflect e-mail communications between McDaniel and counsel regarding "Conditions for Chris Fultz return to work." Ex. 3 (10/02/08 entries).

3

- McDaniel also identified Corporate Legal as one of the decision-makers who determined whether Mr. Fultz should "stay or go" in January 2008.  Dep. D. McDaniel at 241:16-242:3.

- Similarly, Ted Armstrong (Corporate HR Manager) testified that "Legal" had given him permission to send Mr. Fultz for a fitness for duty examination with Dr. Krumholz in March 2007. Ex. 5, Dep. T. Armstrong at 165:17-166:3. Defendant has designated this testimony.  The privilege log reflects a communication on March 2, 2007 between outside counsel and Jennifer Lazor regarding this fitness for duty exam. Ex. 3 (3/02/07 entry).

- Armstrong also testified that in-house and outside counsel were involved in the decision as to whether to permit Mr. Fultz to return to work.  Ex. 5 at 222-223. Defendant has designated this testimony.  As described above, these communications are reflected in the privilege log.  *See* Ex. 3 (10/02/08 entries).

- In addition to Mr. McDaniel and Mr. Armstrong's deposition testimony, Plaintiffs expect Defendant to elicit from HR Assistant Manager Jennifer Lazor and General Manager Timothy Peifely that legal counsel was consulted in connection with the actions taken against Fultz at trial.  *See generally* Exs. 1-2 (reflecting various communications between Peifley and Lazor with counsel).

Through its affirmative defense and designation of deposition testimony for trial that it relied upon the advice of counsel, while at the same time asserting the attorney-client privilege over those communications, Rite Aid has placed at issue the privileged communications and is impermissibly using the privilege as both a sword and shield.  Rite Aid seeks the benefit of its purported reliance upon legal advice by creating the impression in the jury's eyes that it did not intend to violate the ADA and acted in good faith, while at the same time preventing Plaintiffs from testing the validity of such defense.  It would be inequitable to permit Rite Aid's witnesses to tell the jury they relied upon legal advice while at the same time maintaining the attorney-client privilege. Ex. 1, *Baltimore Scrap Corp. v. The David J. Joseph Co.*, et al., 96-827, 1996 U.S. Dist. LEXIS 18617 *76-77 (D. Md. Sept. 17, 1996).  Defendant must waive the attorney-client privilege and produce all privileged documents if it intends to present the designated testimony of McDaniel and Armstrong or elicit

4

from any witness that legal counsel was involved.  Alternatively, Defendant's witnesses must be instructed that they may not testify about the receipt of legal advice or participation by counsel in the decisions taken with regard to Mr. Fultz.

Respectfully submitted,

/s/_____
Bruce A. Fredrickson #02839
Jeremy P. Monteiro # 17459
Webster, Fredrickson, Correia & Puth, PLLC
1775 K Street, N.W., Suite 600
Washington, D.C. 20006
(202) 659-8510
(202) 659-4082 (fax)

Counsel for Christopher Fultz

/s/_____
Maria Luisa Morocco
U.S. Equal Employment Opportunity Commission
City Crescent Bldg
10 S. Howard St. Third Fl
Baltimore, MD 21201
(410) 209-2730
(410) 962-4270 (fax)

Counsel for the EEOC

## CERTIFICATE OF SERVICE

I hereby certify that on the **21st day of October 2011**, a copy of the foregoing Plaintiffs' Motion in Limine and Memorandum of Law in Support of Motion in Limine to Exclude Advice of Counsel Testimony in Support of Defendant's Good Faith Defense or Alternatively for a Determination That Defendant Has Waived the Attorney-Client Privilege, with Proposed Order, was filed electronically.  In compliance with Local Rule 102(1)(c), service required by Fed. R. Civ. P. 5(a) was made, as notice of electronic filing will be electronically mailed to the following:

**Debra Michele Lawrence**
**Maria Luisa Morocco**
U.S. Equal Employment Opportunity Commission
City Crescent Bldg
10 S. Howard St. Third Fl
Baltimore, MD 21201
(410) 209-2734
(410) 962- 4270 (fax)
debra.lawrence@eeoc.gov
maria.morocco@eeoc.gov

**James A. Rothschild**
**Ryan K. Bautz**
Anderson, Coe & King, LLP
201 N. Charles St., Suite 2000
Baltimore, MD 21201
(410) 752-1630
(410) 752-0085 (fax)
rothschild@acklaw.com
bautz@acklaw.com

　　　　　　　　　　　　　　　　　　　　　*/s/ Jeremy P. Monteiro*
　　　　　　　　　　　　　　　　　　　　　Jeremy P. Monteiro, #17459
　　　　　　　　　　　　　　　　　　　　　1775 K Street, N.W.
　　　　　　　　　　　　　　　　　　　　　Suite 600
　　　　　　　　　　　　　　　　　　　　　Washington, D.C.  20006
　　　　　　　　　　　　　　　　　　　　　Counsel for Plaintiff
　　　　　　　　　　　　　　　　　　　　　(202) 659-8510
　　　　　　　　　　　　　　　　　　　　　jmonteiro@wfcplaw.com
　　　　　　　　　　　　　　　　　　　　　Counsel for Christopher Fultz

6

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DISTRICT**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) )  ) Civil Action No. 1:08-civ-2576 (CCB) |
| Plaintiff, | ) |
| and | ) ) |
| CHRISTOPHER FULTZ | ) ) |
| Intervenor-Plaintiff, | ) ) |
| v. | ) ) |
| RITE AID CORPORATION | ) ) |
| Defendant. | ) ) |

**ORDER**

This cause having come before this Court upon Plaintiffs EEOC and Christopher Fultz' Motion in Limine to Exclude Advice of Counsel Testimony in Support of Defendant's Good Faith Defense or Alternatively for a Determination That Defendant Has Waived the Attorney-Client Privilege, it is this _____ day of _____, 2011, hereby ORDERED, that the Motion in Limine to Exclude Advice of Counsel Testimony in Support of Defendant's Good Faith Defense or Alternatively for a Determination That Defendant Has Waived the Attorney-Client Privilege, and the same hereby is, granted.

_____
Judge Catherine C. Blake