UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DISTRICT

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff<br><br>and<br><br>CHRISTOPHER FULTZ<br><br>      Intervenor-Plaintiff,<br><br>  v.<br><br>RITE AID CORPORATION<br><br>      Defendant. | )<br>)<br>) Civil Action No.  1:08-civ-2576 (CCB)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE RELATING TO RITE AID'S SEIZURE VIDEO**

COMES NOW Plaintiffs Christopher Fultz and the Equal Employment Opportunity Commission, by and through their attorneys, and hereby request that the Court enter an order excluding all evidence relating to Rite Aid's video of Mr. Fultz' seizure.  In support of this Motion, Plaintiffs state as follows:

    1.    Rite Aid has designated as Defendant's Trial Exhibit 96 a video of Mr. Fultz having a seizure at Rite Aid.

    2.    The video must be excluded as irrelevant and not probative of Defendant's direct threat defense and unduly prejudicial to Plaintiffs.

    3.    This Motion is supported by good and substantial authority contained in the attached Memorandum of Points and Authorities.

WHEREFORE Christopher Fultz and the EEOC, by and through their attorneys, respectfully request this Honorable Court grant their Motion to exclude the video of Mr. Fultz' seizure and for such other relief as law and justice require.

                                      Respectfully submitted,

/s/ _____
Bruce A. Fredrickson #02839
Jeremy P. Monteiro # 17459
Webster, Fredrickson, Correia & Puth, PLLC
1775 K Street, N.W., Suite 600
Washington, D.C. 20006
(202) 659-8510
(202) 659-4082 (fax)

Counsel for Christopher Fultz

/s/ _____
Maria Luisa Morocco
U.S. Equal Employment Opportunity Commission
City Crescent Bldg
10 S. Howard St. Third Fl
Baltimore, MD 21201
(410) 209-2730
(410) 962-4270 (fax)

Counsel for the EEOC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DISTRICT

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>        Plaintiff,<br><br>and<br><br>CHRISTOPHER FULTZ<br><br>        Intervenor-Plaintiff,<br><br>    v.<br><br>RITE AID CORPORATION<br><br>        Defendant. | )<br>)<br>) Civil Action No.  1:08-civ-2576 (CCB)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE RELATING TO RITE AID'S SEIZURE VIDEO**

      Pursuant to Rule 401 and 403 of the Federal Rules of Evidence, Plaintiffs Equal Employment Opportunity Commission ("EEOC" or the "Commission") and Christopher Fultz (collectively "Plaintiffs") submit this Memorandum in support of their Motion to exclude Rite Aid's video of Mr. Fultz having a seizure.

      On September 27, 2011, this Court ruled that Rite Aid has the burden at trial to prove its affirmative defense that Mr. Fultz was a direct threat to himself or his co-workers when he was removed from the workplace because of his epilepsy.  Additionally, the Court narrowed the scope

of evidence Rite Aid could use to support its affirmative defense to either: 1) evidence considered by Dr. Rowekamp or 2) evidence considered by Rite Aid's decision-makers in accepting Dr. Rowekamp's opinion. The Court also eliminated from Defendant's witness list approximately 18 of Mr. Fultz' co-workers who witnessed seizures but never reported their accounts to management from Rite Aid's witness list and further ordered Rite Aid to proffer its trial witnesses for this defense by October 4, 2011.

Rite Aid has listed a video of Mr. Fultz having a seizure obtained from a security video as Defendant's Trial Exhibit 96. The video appears to show Mr. Fultz, in the midst of a complex partial seizure, walk out of the Cooler, urinate on the floor, and walk back into the Cooler. The video is incomplete as a large portion of it is at a higher speed (and thus inaccurate) and the portion of the video is not representative of the entire seizure which occurred. Finally, there is a very small fraction of the video which contains Mr. Fultz, with the majority of the video depicting where he urinated. Even if Rite Aid can overcome the evidentiary issues raised above, the video must be excluded as it is (1) not relevant to Rite Aid's doctor's assessment of Mr. Fultz' ability to work at Rite Aid; (2) was never a part of Rite Aid's direct threat analysis; and (3) would be highly prejudicial to Mr. Fultz to show the jury a video of him urinating, when that act did not motivate his removal.

**I.       The Seizure Video is Not Relevant to Defendant's Direct Threat Defense.**

In determining that Mr. Fultz was a direct threat to its workplace and needed to be removed on February 8, 2008, Rite Aid's sole procedure was to send Mr. Fultz to the occupational doctor. Rite Aid received Dr. Rowekamp's opinion to remove Mr. Fultz and relied upon that opinion,

conducting no additional direct threat analysis. The occupational doctor was never provided the seizure video as part of his assessment of Mr. Fultz' ability to work at the Distribution Center nor was he informed that Mr. Fultz had urinated on the floor during a seizure. Dr. Rowekamp did not raise any concern in his disqualification letter that Mr. Fultz could not work at Rite Aid because he had urinated on the floor. Dr. Rowekamp's opinion was based on his belief that Mr. Fultz could not safely work at heights, climb stairs, work alone, or work in an area containing forklifts and conveyor belts. Ex. 1, Ltr Dr. Rowekamp to J. Lazor, Jan. 4, 2008. Rite Aid's doctor was both unaware of the video and did not rely upon the video in finding Mr. Fultz unfit for duty.

In response to the Court's order for a proffer as to its witnesses for its direct threat defense, Rite Aid identified Leonard "Corey" Williams and Jennifer Lazor as the persons at the Distribution Center who would report Mr. Fultz' seizure activity to the three purported decision-makers in this case – Dan McDaniel, Tim Peifley, and Ted Armstrong. *See* ECF No. 165. However, neither Mr. Williams nor Ms. Lazor ever viewed the video footage of Mr. Fultz having a seizure and urinating on the floor. Ex. 2, Dep. C. Williams at 209; Ex. 3, Dep. J. Lazor at 173.

Based on the Court's prior ruling, there can be no probative value to the video based on the admissions that Dr. Rowekamp was not provided the video and neither Mr. Williams or Ms. Lazor viewed the video. As such, the video cannot support Defendant's direct threat defense and should be stricken from Rite Aid's exhibit list.

**II.     The Seizure Video Is Unduly Prejudicial and Confusing.**

Not only is the seizure video irrelevant, it is also unfairly prejudicial. Evidence is unfairly prejudicial if it has an "undue tendency to suggest decision on an improper basis; commonly, though not necessarily, an emotional one"; "appeals to the jury's sympathies, arouses its sense of horror, provokes its instincts to punish"; or "may cause a jury to base its decision on something other than the established propositions in the case." *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980) (quoting, in part, Advisory Committee's Notes on Fed. R. Evid. 403).

Images of Mr. Fultz walking around and urinating during a seizure, as the video portrays, are prone to arouse the jurors' sense of horror, disgust, alarm, shock, or even sympathy, any of which would be improper emotional bases for decision. Further, because the content of the video had no bearing on the decision of either Rowekamp or Rite Aid to remove Fultz from the workplace, Defendant apparently intends to show this video not to bolster its defense, but rather to inflame the jury with feelings of antagonism toward Fultz. Needless to say, this would be improper. *Cf. Davis v. Shearin*, No. AW-08-3453, 2010 WL 2595864, at *13 (D. Md. June 24, 2010) ("Generally, photographs that are merely calculated to arouse the sympathies or prejudices of the jury are properly excluded, particularly if they are not necessary or instructive to show material facts or conditions." (quoting 40A Am. Jur. 2d Homicide § 417)). Even assuming Rite Aid seeks to introduce this video for legitimate reasons, its relevance is so minimal that the potential for prejudice clearly overshadows its probative value.

Moreover, the video will serve as a distraction. *See United States v. Stout*, 509 F.3d 796, 801 (6th Cir. 2007) (affirming district court opinion excluding evidence under Rule 403 because it "[was] both inflammatory and distracting[,] more lurid and frankly more interesting than the evidence surrounding the actual charges."). Instead of focusing on the primary evidence bearing on Rowekamp's analysis of Fultz's ability to work, or Rite Aid's adoption of that analysis, jurors are likely to pay undue attention to Fultz's sensational behavior during the particular seizure depicted in this video. Lastly, there is no evidence to suggest that Fultz's acts during the seizure recorded in the subject video were representative of his behavior in any other seizure. Plaintiffs are thus concerned that jurors may be misled into believing that all of Fultz's seizures involved public urination or other embarrassing behavior. This concern further justifies exclusion under Rule 403.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully urge the Court to exclude Rite Aid's video of Mr. Fultz having a seizure, Defendant's Trial Exhibit 96.

Respectfully submitted,

/s/
Bruce A. Fredrickson
Jeremy Monteiro
Webster, Fredrickson, Correia & Puth, PLLC
1775 K Street, NW, Suite 600
Washington, DC 20006
(202) 659-8510 (phone)
(202) 659-4082 (fax)
Counsel for Intervenor
Christopher Fultz

/s/
Maria Luisa Morocco
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2730 (phone)
(410) 962-4270 (fax)
Counsel for Plaintiff EEOC

**CERTIFICATE OF SERVICE**

      I hereby certify that on the **24th day of October 2011**, a copy of the foregoing Plaintiffs' Motion in Limine and Memorandum of Law in Support of Motion in Limine to Exclude Rite Aid's Seizure Video, with Proposed Order, was filed electronically. In compliance with Local Rule 102(1)(c), service required by Fed. R. Civ. P. 5(a) was made, as notice of electronic filing will be electronically mailed to the following:

**Debra Michele Lawrence**
**Maria Luisa Morocco**
U.S. Equal Employment Opportunity Commission
City Crescent Bldg
10 S. Howard St. Third Fl
Baltimore, MD 21201
(410) 209-2734
(410) 962- 4270 (fax)
debra.lawrence@eeoc.gov
maria.morocco@eeoc.gov

**James A. Rothschild**
**Ryan K. Bautz**
Anderson, Coe & King, LLP
201 N. Charles St., Suite 2000
Baltimore, MD 21201
(410) 752-1630
(410) 752-0085 (fax)
rothschild@acklaw.com
bautz@acklaw.com

                                                */s/ Jeremy P. Monteiro*
                                                Jeremy P. Monteiro, #17459
                                                1775 K Street, N.W.
                                                Suite 600
                                                Washington, D.C.  20006
                                                Counsel for Plaintiff
                                                (202) 659-8510
                                                jmonteiro@wfcplaw.com
                                                Counsel for Christopher Fultz

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# NORTHERN DISTRICT

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) |
| Plaintiff, | ) Civil Action No. 1:08-civ-2576 (CCB) ) ) |
| and | ) ) |
| CHRISTOPHER FULTZ | ) ) |
| Intervenor-Plaintiff, | ) ) |
| v. | ) ) |
| RITE AID CORPORATION | ) ) |
| Defendant. | ) ) ) |

## ORDER

This cause having come before this Court upon Plaintiffs EEOC and Christopher Fultz' Motion in Limine to Exclude Rite Aid's Seizure Video, it is this _____ day of _____, 2011, hereby ORDERED, that the Motion in Limine, and the same hereby is, granted.

_____
Judge Catherine C. Blake