IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and CHRISTOPHER FULTZ <br><br> Plaintiffs, <br><br> V. <br><br> RITE AID CORPORATION <br><br> Defendant. | Case No: <br> 08-CV-02576-CCB |

CONSENT DECREE

  The U.S. Equal Employment Opportunity Commission ("the EEOC" or "the Commission"), brought this action against Defendant Rite Aid Corporation ("Rite Aid" or "Defendant") to enforce Sections 102(a) and 503 of the Americans With Disabilities Act ("the ADA"), 42 U.S.C. §§ 12112(a), 12203. The Commission has alleged that Defendant violated the ADA by subjecting Christopher Fultz, formerly an employee at its Mid-Atlantic Customer Service Center in Perryman, Maryland ("the Perryman facility"), to disability discrimination by taking adverse employment actions against him that culminated in his termination because of his disability, epilepsy, and because he engaged in protected activities under the ADA, such as pursuing an administrative Charge with the EEOC. Defendant denies the allegations.

  The Commission and Defendant desire to resolve this action and all issues raised by the EEOC's Second Amended Complaint without the time and expense of a trial. The parties acknowledge the jurisdiction of the United States District Court for the District of Maryland for the purpose of entering this Consent Decree ("the Decree") and, if necessary, enforcing it.

The Court, having examined the terms and provisions of the Decree, finds it reasonable and just and in accordance with the Federal Rules of Civil Procedure and the ADA, and, also, that the Decree furthers the objectives of the ADA and is in the best interests of the parties and those for whom the EEOC seeks relief.

This Decree constitutes a full discharge and satisfaction of all claims alleged in the Second Amended Complaint, which is based on the EEOC's administrative determinations for Christopher Fultz' EEOC charges (Nos. 531-2006-02490 and 531-2008-00801C).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## COVERED FACILITIES

1.      The provisions of this Consent Decree shall apply only to Defendant's Mid-Atlantic Customer Service Center in Perryman, Maryland.

## INJUNCTION: NON-DISCRIMINATION

2.      Defendant, its officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with them or any of them, shall comply with all provisions of Title I of the ADA and are enjoined from any present or future violations of Title I of the ADA. Prohibited discrimination includes, but is not limited to, denying qualified individuals with disabilities reasonable accommodations that are not an undue hardship, discharging qualified individuals with disabilities because of their protected status, and requiring employees to undergo medical examinations that are not job-related and consistent with business necessity.

## INJUNCTION: NON-RETALIATION

3.      Defendant, its officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with them or any of them, are enjoined from, and shall not engage in, reprisal or retaliation of any kind against any person because such person, either in the past or in

the future: (a) opposed any practice made unlawful or reasonably believed to be unlawful under the ADA; (b) filed a charge of discrimination with the Commission or any fair employment practices agency; (c) was identified as a potential witness for the EEOC in an action; (d) requested and/or received relief in accordance with this Decree; (e) participated in any manner in an action under the ADA or in any investigation giving rise to such action; or (f) asserted any rights under this Decree. In this regard, Defendant shall not take any action against any person(s) which constitutes intimidation, coercion, retaliation, harassment, or interference with the exercise of such person's rights under the ADA because of the filing of Charge Nos. numbers 531-2006-02490 and 531-2008-00801C with the EEOC, which form the basis for this case, or because such person(s) gave testimony or assistance, or participated in any manner in any investigation or proceeding in connection with this case under the ADA.

## RECORD-KEEPING

4.  Defendant shall comply with all applicable record-keeping requirements of the ADA and the Commission's regulations, including but not limited to, 29 C.F.R. § 1602.14.

## DURATION OF DECREE

5.  This Consent Decree shall be in effect for a period of three years from the date of entry by the Court.

## MONETARY RELIEF

6.  Defendant shall pay Charging Party Christopher Fultz $91,200 in monetary damages. Of this amount, $15,000 shall constitute back pay and $76,200 shall constitute compensatory damages. This monetary relief (less any applicable federal, state or local payroll tax regarding the amount constituting back pay) shall be paid in one (1) check made payable to Christopher Fultz. Defendant shall mail the aforementioned check by certified mail to Bruce A. Fredrickson, Esq., Webster,

Fredrickson, Correia, and Puth, PLLC, 1775 K Street, N.W., Washington, D.C., 20006, and also a photocopy of the check and the certified mail receipt to the EEOC's counsel of record.

7. Defendant shall pay Charging Party Christopher Fultz' attorneys' fees in the amount of $158,800. These fees shall be paid on Mr. Fultz' behalf through one (1) check made payable to Webster, Fredrickson, Correia & Puth, PLLC. Defendant shall mail the aforementioned check by certified mail to Bruce Fredrickson, Esq., Webster, Fredrickson, Correia & Puth, PLLC, 1775 K Street, N.W., Suite 600, Washington, DC 20006, and also a photocopy of the check and certified mail receipt to the EEOC's counsel of record.

8. After the conclusion of the present calendar year, Defendant shall in accordance with applicable law issue to Christopher Fultz an IRS Form W-2 for the monetary relief amount constituting back pay and an IRS Form 1099-Misc designating as "other income" the amount constituting compensatory damages. Defendant will issue a second IRS Form 1099-Misc to Mr. Fultz designating as "other income" the amount representing payment of his attorneys' fees, and it will also issue to Webster, Fredrickson, Correia, and Puth, PLLC, an IRS Form 1099-Misc. designating this amount as "gross proceeds paid to an attorney."

## EQUITABLE RELIEF: IMPLEMENTATION OF ADA POLICIES AND PROCEDURES

9. Within sixty (60) days of the entry of this Decree, Defendant shall as necessary revise its ADA policies, including but not limited to those contained in its Associate Atlas and its Policies and Procedures Manual, to include the following:

    a) a statement that Defendant will comply with the ADA;

    b) a statement that, in considering reasonable accommodations under the ADA, Defendant will engage in an interactive process that includes making an individualized assessment of the employee's disability;

    c) a statement identifying persons at the Perryman facility and within the corporate human resources office to whom employees can request reasonable accommodations and report disability discrimination; and

    d) a statement that Defendant will promptly investigate any reports or complaints of disability discrimination and will protect the person making the report from retaliation, including retaliation by persons allegedly responsible for the discrimination.

    Within forty-five (45) days after such modification, Defendant will distribute the modified ADA policies to all employees at the Perryman facility and will post the modified policies in all places where employee notices are customarily displayed. Within ten (10) days after the distribution, Defendant will submit written certification to the EEOC describing that date/s and manner of promulgation required above. Defendant will attach its revised policies to this certification.

10.    For the purposes of determining whether an employee presents a direct threat, Defendant will make such determination based upon an individualized assessment of the individual's present ability to safely perform the essential functions of the job. The assessment shall be based on a reasonable medical judgment that relies on the most current medical knowledge and/or the best available objective evidence. In determining whether an individual would pose a threat, the factors to be considered include: (1) The duration of the risk; (2) The nature and severity of the potential harm; (3) The likelihood that the potential harm will occur; and (4) The imminence of the potential harm.  Defendant will consider only the employee's actual job duties as well as the work environment.

11.    Defendant recently has reconfigured its human resources structure for the Perryman Distribution Center such that it has a dedicated human resources manager to address human

resources issues including all disability related matters. This reporting structure is realigned such that the human resources manager reports to a senior director of human resources for the distribution centers. These human resources professionals have direct access to the vice president of labor and employee relations in HR, the vice president and assistant general counsel, and the senior counsel in the legal department, all of whom have expertise in ADA matters. In addition to the reconfiguration of this human resources structure, Defendant, within the next year, will register its human resources manager for an EEOC TAPS training, offered within any of the offices within the Philadelphia district.

EQUITABLE RELIEF: TRAINING

12.     Within the first year of the effective date of this Decree, Defendant shall provide not less than four hours of training regarding the ADA, with particular focus on the ADA's requirements with regard to employee medical examinations, reasonable accommodations, the interactive process, internal and outside resources to assist in identifying and implementing reasonable accommodations, direct threat, individualized assessment of disability and of direct threat, and undue hardship. This training shall be provided to the following non-legal personnel: all management personnel assigned to or responsible for the Perryman facility and all persons with job duties related to Defendant's decision-making with respect to the reasonable accommodation process. Defendant shall also provide such training to all persons who acquire such positions during the term of the Decree within sixty (60) days of their first day at work in such positions. The initial training will be designed and administered by a trainer approved by the EEOC. Defendant will bear the full cost of the training. Training to new or transferred employees that occurs after the initial training may be conducted either by the trainer or by Defendant's in-house personnel and may be pre-recorded. The trainer's credentials will be submitted to the EEOC within

sixty (60) days of the entry of this Decree. The content of the training program shall be forwarded to the EEOC within thirty (30) days of Defendant receiving notice of the EEOC's approval of the trainer. The EEOC will provide its approval, disapproval, and/or commentary of the content of the training within ten (10) days of receiving this information from Defendant. If Defendant and the EEOC are not able to come to an agreement with regard to the consultant/s or content of the training, they will submit their dispute to the Magistrate Judge.

13.     Within ten (10) days of any training required by paragraph 12, Defendant will submit to the EEOC's counsel of record certification that the training occurred that includes the identity of the persons trained.

## REPORTING REQUIREMENTS

14.     Commencing six (6) months after entry of this Decree by the Court, Defendant shall provide semi-annual reports to the EEOC identifying, for the preceding six-month period, the names, social security numbers, last known home addresses, last known home telephone numbers, most recent job titles, most recent work locations, of the following:

   a. all employees at the Perryman facility determined by Defendant to be medically unfit for duty. The report shall describe any employment action (*e.g.*, discharge, suspension, transfer) or employee status (*e.g.*, placement on leave of absence) taken because of Defendant's determination that the employee was medically unfit for duty.  Defendant shall append to all such reports copies of all personnel documents related to the employment action or change in employee status regarding each individual listed.

   b. all employees at the Perryman facility determined by Defendant to constitute a direct threat to the health and safety of himself/herself or others. The report shall describe any employment action (*e.g.*, discharge, suspension, transfer) or employee status (*e.g.*, placement on

7

leave of absence) taken because of Defendant's determination that the employee was a direct threat. Defendant shall append to all such reports copies of all personnel documents related to the employment action or change in employee status regarding each individual listed.

c. all employees at the Perryman facility who have requested reasonable accommodation for an ADA covered disability (not covered by worker's compensation), the nature of the accommodation, and Defendant's response thereto.

## EQUITABLE RELIEF: POSTING OF NOTICE

15. Defendant shall post copies of the Notice attached as Attachment A, in a conspicuous location at all places where employee notices are customarily posted at the Perryman facility. The Notice shall be posted throughout the duration of this Decree, with such period commencing within five (5) days of entry of the Decree. Such Notice shall be typed legibly using font sizes not smaller than those used in Attachment A and shall be on one (1) page no smaller than 8.5" by 11". In addition, Defendant shall post all other notices on applicable federal equal employment opportunity laws required by law. In the event that any aforementioned notice becomes defaced, marred or otherwise made unreadable, Defendant shall immediately post a readable copy of such notice(s).

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

16. This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.

17. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. Prior to such motion, the Commission shall notify Defendant, in writing, or the alleged non-compliance. Upon receipt of written notice, Defendant shall have thirty (30) days to either correct the alleged non-compliance, and so inform the EEOC,

or deny the alleged non-compliance, in writing. If the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to correct and remedy the breach. The Commission and Defendant shall bear their own costs, expenses and attorneys' fees incurred in connection with such action.

## COURT COSTS AND ATTORNEY FEES

18.     Each party shall bear its own court costs and attorneys' fees.

## MISCELLANEOUS

19.     If any provision(s) of this Consent Decree is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

20.     The terms of the Consent Decree are and shall be binding upon (a) Defendant; (b) all present and future parents of Defendant; (c) all present and future subsidiaries of Defendant; and (d) all present and future owners, officers, directors, employees, agents, trustees, administrators, successors, representatives, or assigns of Defendant.

21.     This Consent Decree constitutes the entire agreement and commitments of the Commission and Defendant with regard to the above-captioned action.  Any modifications to this agreement must be mutually agreed upon and memorialized in a separate writing signed by Defendant and the Commission and approved by the Court.

22.     When this Consent Decree requires the submission of any documents to the EEOC, if not otherwise indicated in the Decree or Attachments, they shall be mailed by Certified Mail to the Commission's Attorney of Record.

**IT IS AGREED:**

**EQUAL EMPLOYMENT                              RITE AID CORPORATION**
**OPPORTUNITY COMMISSION**

| | |
|---|---|
| **/s/**_____<br>DEBRA M. LAWRENCE<br>Regional Attorney<br>EEOC-Philadelphia District Office<br>City Crescent Building, 3rd Floor<br>10 South Howard Street<br>Baltimore, MD 21201<br>(410) 209-2734 Telephone<br>(410) 962-4270 Facsimile<br>Dated: 11/1/12 | signed by Debra M. Lawrence with express permission from James A. Rothschild<br>  /s/_____<br>JAMES A. ROTHSCHILD<br>Anderson, Coe & King, LLP<br>201 N. Charles St., Suite 2000<br>Baltimore, MD 21201<br>(410) 752-1630<br>(410) 752-0085 (fax)<br>  Dated:   11/1/12 |
| /s/_____<br>MARIA LUISA MOROCCO<br>Supervisory Trial Attorney<br>EEOC-Baltimore Field Office<br>City Crescent Building, 3rd Floor<br>10 South Howard Street<br>Baltimore, MD 21201<br>(410) 209-2734 Telephone<br>(410) 962-4270 Facsimile<br>Dated: 11/1/12 | signed by Debra M. Lawrence with express permission from Ron S. Chima<br>  /s/_____<br>RON S. CHIMA<br>Senior Counsel<br>Defendant Rite Aid Corporation<br>Dated: 11/1/12 |

**IT IS SO ORDERED:**

DATED: _____          _____
                              THE HONORABLE CATHERINE C. BLAKE
                              UNITED STATES DISTRICT COURT JUDGE